Andrew McClain, J.,
delivered the opinion of the Court.
Emerson Elmore and Wiley Elmore, have presented their petitions to this court, setting, forth that they are confined in the jail of Jefferson county, upon a charge of murder in the first degree; that, by their brother, a petition for writ of habeas corpus was presented to His Honor, James H. Randolph, one of the Circuit Judges of the State, who granted the same; and that petitioners were accordingly brought before him by virtue of said writ; that the Attorney-general announced for the State, that he was ready for the trial, to try whether petitioners were entitled to bail; and that the petitioners, by their attorneys, also announced themselves ready.
*530 The petition here sets forth with particularity other things that were said and done while petitioners were before His Honor, the amount of all which, is, as we understand it, that His Honor ruled the correct practice to be, that petitioners should first introduce their testimony in support of the petition, and petioners’ counsel insisted that the Attorney-general should first proceed with the evidence in behalf of the State, and that the investigation should have reference to the question whether defendants were guilty of murder in the first degree, as charged in the indictment.
That pending a discussion of this question of practice, His Honor remanded the petitioners to jail, where they still remain.
The prayer of the petition is, that a writ of mandamus issue against His Honor, the Circuit Judge, and that he be compelled to hear and determine whether petitioners are entitled to bail.
The first question that presents itself is, has this court jurisdiction of the matter?
Article 6, sec. 2, of the Constitution of Tennessee, provides, that the jurisdiction of this court shall be appellate only, under such restrictions and regulations as may, from time to time, be prescribed by law; but it may possess such other jurisdiction as is now conferred by law on the present Supreme Court.
It has been held by this Court, that an appeal does not lie to this Court from an order dismissing a writ of habeas corpus. Nor will an appeal lie from a judgment on the writ, whether pronounced by a *531 judge out of term, or by a court: Lea vs. White, 4 Sneed, 73; State vs. Malone, 3 Sneed, 413.
We are satisfied this court has jurisdiction to issue mandamus to judges of inferior courts, whenever the matter in reference to which the exercise of this jurisdiction is sought, is of such character as to call for an exercise of this power in order to carry out and perfect its appellate jurisdiction.
It was upon this ground, that this court issued a writ of mandamus, in the case of the State on the relation of Wm. H. Sneed vs. E. T. Hall, reported in 3 Cold., 255.
It is on this ground that the Supreme Court of the United States has repeatedly exercised jurisdiction of this writ. But it has been held that, to enable that court to issue mandamus, it must be shown to be an exercise of appellate jurisdiction, or to be necessary to enable it to exercise appellate jurisdiction, and not original: Moses on Mandamus, page 226; 1 Cranch R., 175.
The language of the Constitution of Tennessee, in reference to this court is, as we have seen, that “the jurisdiction of this court shall be appellate only.57 In this connection it is proper to consider the clause standing in immediate connection with the words just quoted, viz: “But it may possess such other jurisdiction as is now conferred by law on the present Supreme Court.55
That clause has been several times construed by this court, and has been held to confer on this court power only to adopt such proceedings, issue such pro *532 cess, and try such facts, as might become necessary to carry out and perfect its own judgments and decrees, in cases before it by appeal or writ of error: 5 Sneed, 573 and 432; 2 Cold., 565.
We are satisfied that this court has no jurisdiction of the matter of this petition, and the petition is dismissed.